UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21753-KMW

STARLA MICHELLE, LLC,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

    Defendants.

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Preliminary Injunction and Order Restraining Transfer of Assets [ECF No. 10]. The motion was referred to this Court for Report and Recommendation by the Honorable Kathleen M. Williams, United States District Judge. [ECF No. 38]. See 28 U.S.C. § 636.  Plaintiff seeks injunctive relief against Defendant Does's numbered 1 through 1057, excluding Defendant Doe's numbered 51, 84, 99, 104, 360, 361, 377, 387, 389, 390, 399, 404, 408, 410, 422, 427, 433, 437, 440, 441, 443, 448, 449, 451, 455, 457, 458, 460, 461, 471, 473, 478, 483 to 485, 498, 512, 517, 538, 540, 547, 558, 559, 561, 565, 566, 576, 577, 582, 595, 598, 623, 626, 627, 643, 644, 647, 648, 651, 657, 659, 661, 665, 670, 677, 679, 681, 691, 693, 694, 696 to 700, 703, 706 to 708, 710, 711, 713, 714, 716, 721, 723 to 726, 728, 729, 735, 738, 740, 742, 744, 745, 747, 753, 758, 761, 763, 765, 766, 768 to 770, 773 to 775, 778, 779, 782, 784, 786, 788, 789, 791, 792, 795, 796, 803, 805, 808, 814, 815, 818, 829, 833, 835 to 837, 839, 845, 852, 858, 860, 882, 891, 896, 907 to 909, 938, 948, 950,

959, 962 to 964, 966, 968 to 970, 1051 and 1052. ("Defendants").[1] Plaintiff argues it is entitled to injunctive relief under 15 U.S.C. § 1116, 17 U.S.C. §§ 502 and 503, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

Having reviewed the motion and conducted a preliminary injunction hearing [ECF No. 74], the Court finds that the temporary restraints previously granted in the TRO should remain in place against Defendants through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. The evidence submitted in support of this Motion establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

The Court concludes that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing or using counterfeits, reproductions, or colorable imitations of the products using the STARLA MICHELLE Mark and the Copyrighted Works, that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear or use copies of the STARLA MICHELLE Mark and the Copyrighted Works, and that the infringement of the STARLA MICHELLE Mark and the Copyrighted Works will likely cause Plaintiff to suffer immediate and irreparable injury if a preliminary injunction is not granted.

The copyright protected works are registered with the Copyright Office under the registration numbers:

| **Copyright Title** | **Reg. No.** | **Reg. Date** |
|---|---|---|
| Rampart | VA 2-057-058 | 03/10/2016 |

---

[1] This numerical list includes the individuals and associations that are being voluntary dismissed per ECF Nos. 73, 75, and 76.

| | | |
|---|---|---|
| R for Raccoon | VA 2-057-059 | 03/10/2016 |
| C for Cow | VA 2-057-061 | 03/10/2016 |
| Alphabet Kingdom | VA 2-190-295 | 10/14/2019 |
| Firecracker-Peacock | VA 2-337-873 | 02/01/2023 |
| Desert-Series-V | VA 2-337-874 | 02/01/2023 |
| Rooster | VA 2-337-876 | 01/25/2023 |
| Sweet-One | VA 2-337-879 | 01/25/2023 |
| Tale-of-Love | VA 2-337-880 | 01/25/2023 |
| The-Long-Stare | VA 2-337-881 | 01/25/2023 |
| Zeus | VA 2-337-882 | 01/25/2023 |
| Desert-Series-VII | VA 2-337-883 | 01/25/2023 |
| Desert-Series-VIII | VA 2-337-884 | 01/25/2023 |
| Happy-Weeping-Willow | VA 2-337-885 | 01/25/2023 |
| M-for-Moose | VA 2-337-886 | 01/25/2023 |
| Magical-Goat | VA 2-337-887 | 01/25/2023 |
| Maxi | VA 2-337-888 | 01/25/2023 |
| No-Longer-the-Hare | VA 2-338-302 | 01/25/2023 |
| Peacock-Blue | VA 2-338-305 | 01/25/2023 |
| Rip-Rap-II | VA 2-338-306 | 01/25/2023 |
| Charmed | VA 2-338-308 | 01/24/2023 |
| Dandelion-Horse | VA 2-338-338 | 01/24/2023 |
| Dancing-Hares | VA 2-338-339 | 01/24/2023 |
| Desert-Series-III | VA 2-338-340 | 01/24/2023 |
| A Copious Season | VAu 1-090-151 | 01/29/2012 |

The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a Temporary Restraining Order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the Temporary

Restraining Order to protect Plaintiff's trademark and copyrights interests and protect the public from being defrauded by the palming off of counterfeit and infringing goods as Plaintiff's genuine goods. Further, under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiff's trademark and copyrights. See *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).

Pursuant to 17 U.S.C § 504 (a)(1) and (b), Plaintiff may be entitled to recover, as an equitable remedy, the actual damages suffered as result of the infringement of the Copyrighted Works and any additional profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages or statutory damages pursuant 17 U.S.C § 504(a)(2) and (c).

Furthermore, the Copyright Act permits the entry of an injunction to restrain violations of those acts, 17 U.S.C. § 502, 35 U.S.C. § 283, and the Copyright Act authorizes an order impounding infringing goods and articles. 17 U.S.C. §503.

Accordingly, the Court **RECOMMENDS** that the Motion for Preliminary Injunction be **GRANTED** as follows:

## [PROPOSED] ORDER

It is **ORDERED AND ADJUDGED** that the Motion [ECF No. 10] is **GRANTED** and a preliminary injunction against Defendants numbered 1 through 1057, excluding Defendant Doe's numbered 51, 84, 99, 104, 360, 361, 377, 387, 389, 390, 399, 404, 408, 410, 422, 427, 433, 437, 440, 441, 443, 448, 449, 451, 455, 457, 458, 460, 461, 471, 473, 478, 483 to 485, 498, 512, 517, 538, 540, 547, 558, 559, 561, 565, 566, 576, 577, 582, 595, 598, 623, 626, 627, 643, 644, 647,

648, 651, 657, 659, 661, 665, 670, 677, 679, 681, 691, 693, 694, 696 to 700, 703, 706 to 708, 710, 711, 713, 714, 716, 721, 723 to 726, 728, 729, 735, 738, 740, 742, 744, 745, 747, 753, 758, 761, 763, 765, 766, 768 to 770, 773 to 775, 778, 779, 782, 784, 786, 788, 789, 791, 792, 795, 796, 803, 805, 808, 814, 815, 818, 829, 833, 835 to 837, 839, 845, 852, 858, 860, 882, 891, 896, 907 to 909, 938, 948, 950, 959, 962 to 964, 966, 968 to 970, 1051 and 1052 is entered as follows:

## PRELIMINARY INJUNCTION

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the STARLA MICHELLE Mark, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the STARLA MICHELLE Mark, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the STARLA MICHELLE Mark, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

    c. From copying, displaying, distributing, or creating derivative works of Plaintiff's Copyrighted Works; and

  2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the STARLA MICHELLE Mark, or any confusingly similar trademarks, and the Plaintiff's Copyrighted Works, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This Order is limited to the Defendants' listings using the STARLA MICHELLE Mark, or any confusingly similar trademarks, and the Plaintiff's Copyrighted Works, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

  3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the STARLA MICHELLE Mark, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd., Alipay.com Co., Ltd., and Alipay Singapore E-Commerce Private Limited (collectively, "Alipay"), Amazon Payments, Inc. ("Amazon"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Payoneer, Inc. ("Payoneer"), WorldFirst UK Limited ("WorldFirst"), or PingPong Global Solutions Inc. ("PingPong"), Joom, SIA (Latvia) ("Joom"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified on Schedule "A" to the Complaint, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or

received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, AliExpress, Ant Financial Services, Alipay, Amazon, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc, ContextLogic, PayPal, eBay, Payoneer, PingPong, Joom, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's trademark and copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, AliExpress, Ant Financial Services, Alipay, Amazon, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc, ContextLogic, PayPal, eBay, Payoneer, PingPong, Joom, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, AliExpress, Ant Financial Services, Alipay, Amazon, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc, ContextLogic, PayPal, eBay, Payoneer, PingPong, Joom, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by defendants for the purpose of counterfeiting the STARLA MICHELLE Mark and/or unfairly competing with Plaintiff and/or copying the Plaintiff's Copyrighted Works.

12. This Order shall remain in effect until such further dates as set by the Court or stipulated by the parties.

**BOND POSTED**

13. The Court determines that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) posted by Plaintiff as evidenced by the Notice of Filing Bond filed on June 26, 2023 [ECF No. 20] is sufficient and shall remain with the Court until a final disposition or until this Preliminary injunction is dissolved or terminated.

**SIGNED** this 17th day of August 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE