UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21753-KMW/REID

STARLA MICHELLE, LLC,

     Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

     Defendants.

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT**

In this trademark and copyright infringement case, Plaintiff STARLA MICHELLE, LLC's ("SM" or "Plaintiff") filed a Motion for Entry of Final Judgment by Default as to Certain Defendants Identified in Amended Schedule "A" and Incorporated Memorandum of Law (the "Motion"). [ECF No. 94]. A Clerk's Default was entered against certain defendants listed in Amended Schedule "A" to the Complaint,  Defendants 1 to 3, 5, 7, 9 to 15, 17, 18, 20 to 23, 25, 26, 29 to 32, 34 to 36, 38 to 40, 42 to 46, 48, 52 to 57, 59, 60, 62, 64 to 74, 76 to 80, 83, 86 to 88, 90 to 93, 95, 97, 98, 100, 102, 103, 106 to 108, 110, 112, 114 to 117, 119, 121, 122, 124, 125, 128 to 140, 142 to 148, 150 to 169, 171 to 182, 185-214, 217 to 230, 232 to 248, 250 to 331, 333 to 359, 362 to 366, 368, 370, 372 to 376, 378 to 382, 384, 388, 391 to 398, 400 to 403, 405, 409, 411, 413 to 421, 424, 428 to 432, 434, 436, 438, 439, 442, 444 to 447, 450, 452, 454, 456, 459, 463 to 466, 469, 470, 472, 474, 476, 477, 479 to 481, 486 to 489, 491 to 493, 496, 497, 499, 500, 502,

1

504 to 511, 513 to 516, 518 to 526, 528 to 537, 539, 541, 543 to 546, 548 to 557, 560, 562 to 564,

567 to 573, 575, 578 to 581, 583, 585 to 594, 596, 597, 599, 601 to 610, 612 to 616, 618, 621, 622,

624, 628, 630 to 636, 638 to 641, 646, 649, 650, 652, 654, 655, 660, 662 to 664, 666, 669, 672 to

676, 678, 680, 682, 683, 685 to 690, 692, 695, 701, 702, 704, 705, 709, 712, 715, 717 to 720, 722,

727, 730, 733, 734, 736, 737, 739, 741, 743, 746, 748 to 752, 754, 755, 757, 759, 760, 762, 776,

777, 783, 787, 790, 793, 794, 797 to 802, 806, 807, 809 to 813, 816, 817, 819 to 821, 823, 824,

826, 827, 830 to 832, 834, 838, 840 to 844, 846 to 851, 854 to 857, 859, 862 to 867, 871 to 875,

877 to 881, 883 to 890, 892 to 895, 897 to 906, 910 to 914, 916 to 937, 939 to 947, 949, 951 to

958, 960, 961, 965, 967, 971 to 1042, 1056, 1057 (collectively, "Defaulting Defendants"). [ECF

No. 86].[1] These Defaulting Defendants failed to appear, answer, or otherwise plead to the

Complaint [ECF No. 1] despite having been served.

United States District Judge Kathleen M. Williams referred this motion to the Undersigned,

pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern

District of Florida, for a Report and Recommendation. [ECF No. 95]. The Undersigned held an

evidentiary hearing on December 11, 2023, at which none of the Defaulting Defendants appeared.

The Court has carefully considered the Motion, the record in this case, the applicable law,

and is otherwise fully advised. For the following reasons, the Court **RECOMMENDS** that

Plaintiff's Motion be **GRANTED**.

## I.      INTRODUCTION

Plaintiff sued Defendants for trademark counterfeiting and infringement under § 32 of the

Lanham Act, 15 U.S.C. § 1114; false designation of origin pursuant to § 43(a) of the Lanham Act,

---

[1] This Order does not apply to the Defaulting Defendants identified in Schedule "A" who have been dismissed from the case. (*See* ECF No. 87, 89, 90, 91, 92, 93, 96, 97, 98, 99, 100, 101 and 104).

15 U.S.C. § 1125(a); common law unfair competition; common law trademark infringement; and copyright infringement under the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4) and 501.

The Complaint alleges that Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies of Plaintiff's works in interstate commerce that are counterfeits and infringements of plaintiff's intellectual property rights (the "Counterfeit Goods") within the Southern District of Florida by operating the Defendants' Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "Seller IDs").

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have (1) deprived Plaintiff of its right to determine the manner in which its trademarks are presented to consumers; (2) defrauded consumers into thinking Defendants' illicit copies of Plaintiff's goods are authorized by Plaintiff; (3) deceived the public as to Plaintiff's sponsorship of and/or association with Defendants' counterfeit products and the websites on online storefronts through which such products are sold, offered for sale, marketed, advertised, and distributed; (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill and the commercial value of the Plaintiff's trademarks; and (5) wrongfully damaged Plaintiff's ability to market its branded products and copyrighted works and products and educate consumers about its brand via the Internet in a free and fair marketplace.

In its Motion, Plaintiff seeks the entry of default final judgment against the Defaulting Defendants and further requests that the Court (1) enjoin the unlawful use of Plaintiff's trademarks and copyrighted works; (2) award Plaintiff damages; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of the Defaulting Defendants to transfer these funds to the Plaintiff in partial satisfaction of the award of damages.

## II.     APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017); see also *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . ..").

If there are multiple defendants, the plaintiff must state in the Motion for Default Final Judgment that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability. Generally, if one defendant who is alleged to be jointly and severally liable with other defendants' defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. See 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")). "Even when defendants are similarly situated, but not jointly liable, judgment should not be

entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The named defendants remaining in the case have not appeared and have defaulted. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants and an adjudication may be entered. The Court thus finds there is a sufficient basis in the pleading for the default judgment to be entered with respect to the defaulting Defendants.

## III.    FACTUAL BACKGROUND[2]

Plaintiff is the owner of all rights in and to the STARLA MICHELLE trademark, U.S. Reg. No. 6,540,016 for art prints; art prints on canvas; printed art reproductions; framed art prints; graphic art prints; graphic fine art prints; printed children's coloring pages in International Class 016, registered on October 26, 2021 and shown in Exhibit 1 to the Complaint in this action, which is valid and registered on the Principal Register of the United States Patent and Trademark Office (the "STARLA MICHELLE Mark").

Plaintiff is the owner of copyrights in the art prints and illustrations (the "Works"). Plaintiff registered the Works with the Register of Copyrights on March 10, 2016, January 29, 2012, October 14, 2019, January 24, 2023, February 1, 2023, and January 25, 2023,  and on October 14, 2019, and was assigned the registration numbers VA 2-057-058, VA 2-057-059, VA 2-057-061, VA 2-190-295, VA 2-337-873, VA 2-337-874, VA 2-337-876, VA 2-337-879, VA 2-337-880, VA 2-337-881, VA 2-337-882, VA 2-337-883, VA 2-337-884, VA 2-337-885, VA 2-337-886, VA 2-337-887, VA 2-337-888, VA 2-338-302, VA 2-338-305, VA 2-338-306, VA 2-338-308,

---

[2] The factual background is taken from Plaintiff's Complaint [ECF No. 1], Plaintiff's Motion for Entry of Final Default Judgment and supporting evidentiary submissions.

VA 2-338-338, VA 2-338-339, VA 2-338-340, and VAu 1-090-151 (the "Copyrighted Works"). Plaintiff is the owner of the Works by written assignment.

Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" hereto (the "Seller IDs") have advertised, promoted, offered for distribution, and/or distributed products using counterfeits, infringements, reproductions, and/or colorable imitations of the STARLA MICHELLE Mark and Copyrighted Works. Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, the STARLA MICHELLE Mark and/or one of the Copyrighted Works. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the STARLA MICHELLE Mark, and/or reproduce or distribute the Copyrighted Works.

As part of its ongoing investigation regarding the sale of counterfeit and infringing products, SM has an anticounterfeiting program that regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. These investigations have established that defendants are using the various webstores on platforms such as Alibaba.com, AliExpress.com, Amazon.com, DHGate.com, eBay.com, Etsy.com, Joom.com, Shopify.com, Temu.com, Walmart.com, Wish.com, and others to sell Counterfeit Products from foreign countries such as China to consumers in the United States. SM accessed defendants' Internet based e-commerce stores operating under their respective Seller ID names through Alibaba.com, AliExpress.com, Amazon.com, DHGate.com, eBay.com, Etsy.com, Joom.com, Shopify.com, Temu.com, Walmart.com, Wish.com.

Upon accessing each of the e-commerce stores, SM viewed counterfeit products using the STARLA MICHELLE Mark and SM's Copyrighted Works, added products to the online shopping

6

cart, proceeded to a point of checkout, and otherwise actively exchanged data with each e-commerce store. SM captured detailed web pages for each defendant store. A representative for SM personally analyzed the SM items where orders were initiated by each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the SM Marks and Copyrighted Works, and concluded the products were non-genuine.[3]

## IV.   ANALYSIS

### A.   Claims

#### 1.   *Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count I)*

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 106 F.3d 355, 360 (11th Cir. 1997)).

#### 2.   *False Designation of Origin Pursuant to § 43(A) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II)*

---

[3] Evidence of each Defendant's infringement was attached as Exhibit 1 to the Declaration of Starla Michelle Halfmann. [See ECF No. 10-1].

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' services by Plaintiff. See 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – *i.e.*, whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

### 3. *Common Law Unfair Competition and Trademark Infringement (Counts III and IV)*

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's services or goods is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983)."); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.,* 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

4.       *Infringement of Copyright (Count V)*

To prevail on a claim of direct infringement of copyright pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (3) and (4), Plaintiff must "satisfy two requirements to present a prima facie case of direct copyright infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001); see also *Disney Enters. v. Hotfile Corp.*, Case No. 11-20427-CIV-Williams, 2013 U.S. Dist. LEXIS 172339, at *94 (S.D. Fla. 2013).

**B.       Liability**

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. (See ECF No. 1). Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

**C.       Injunctive Relief**

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See, e.g.*, *PetMed Express, Inc.*, 336 F. Supp. 2d at 1222–23.

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392–93 (2006). Plaintiffs have carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); see also *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that the unauthorized Counterfeit Products sold, offered for sale, marketed, advertised, and distributed by Defendants are nearly identical to Plaintiff's genuine SM products, and consumers viewing Defendants' counterfeit products would actually confuse them for Plaintiff's genuine products. *See id.* "Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of defendants' e-commerce stores as a whole and all products sold therein by their use of the SM Marks." [ECF No. 1 ¶ 94, 116].

10

Plaintiff has no adequate remedy at law so long as the Defaulting Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its STARLA MICHELLE products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if the Defaulting Defendants' infringing and counterfeiting and infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, the Defaulting Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademark and copyrights, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against the Defaulting Defendants to prevent consumers from being misled by Defendants' counterfeit products and piracy. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("(A)n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

The Defaulting Defendants are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defaulting Defendants will be free to continue infringing plaintiff's intellectual

property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Undersigned recommends that the Court enter a permanent injunction ordering all listings and associated images of goods bearing counterfeits and/or infringements of plaintiff's STARLA MICHELLE Mark and copyrights be permanently removed from the Defaulting Defendants' internet stores by the applicable internet marketplace platforms, and all infringing goods in Defaulting Defendants' inventories in the possession of the applicable internet marketplace platforms destroyed.

### D. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that the Defaulting Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good or service. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count I of the Complaint as against Defaulting Defendants indicated as trademark infringers in Exhibit 1 to the Motion.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.,* 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a Plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 U.S. Dist. LEXIS 56475, at *22–*23 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A]

successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.,* No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Nevertheless, this Court held an evidentiary hearing on Plaintiff's motion for final default judgment on December 11, 2023 [ECF No. 105].  Plaintiff's principal, Starla Michelle Halfmann, testified regarding losses in revenue and reputational harm caused by defendants' copyright and trademark infringement. Ms. Halfmann, who designs and creates the STARLA MICHELLE artwork and prints, testified she began her full-time, online business in 2012. On average, Plaintiff earned $10,000 per month in sales. In 2013, Plaintiff began licensing her artwork to online retailer Anthropologie.com. Plaintiff would earn upwards of $30,000 per month in revenue by licensing entire artwork collections to Anthropologie. But in the fall of 2015, Plaintiff discovered "cheap knockoffs" of her work were being sold on Amazon.com and other popular websites. Plaintiff began seeing a steady decline in sales and popularity. Eventually, Plaintiff was earning no more than $1,500 in monthly sales. In addition to revenue losses, Plaintiff was unable to secure licensing

deals from retailers such as Papyrus and Michael Stars.  Plaintiff noted that the copyright and trademark infringement worsened each holiday season and during the COVID-19 pandemic.

Plaintiff therefore seeks statutory damages for infringement against twelve of the Defaulting Defendants, Does 379, 388, 400, 445, 446, 469, 596, 603, 609, 636, 759, and 762. Plaintiff asks for a statutory damage award of $100,000 against each of the twelve infringers, for a total of $1,200,000. The allegations in the Complaint, which are taken as true, establish the Defaulting Defendants indicated as trademark infringers in Exhibit 1 intentionally copied the STARLA MICHELLE Mark for the purpose of deriving the benefit of Plaintiff's good-will and reputation embodied in the mark. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of service as statutory damages to ensure that the Defaulting Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that Defaulting Defendant Does 379, 388, 400, 445, 446, 469, 596, 603, 609, 636, 759, and 762 as trademark infringers that sold, promoted, distributed, advertised, and/or offered for sale products bearing marks which were in fact counterfeits of the STARLA MICHELLE Mark. *See, e.g.*, ECF No. 9-5 at 71:



Roll over image to zoom in

**Diamond Painting Full Round Drill Colorful Animal Diamond Painting Kit Set Diamond Embroidery Mosaic Cross Stitch Home Decoration Christmas Gift—11.8 Inc × 15.7Inc（30Cm × 40Cm）**

Brand: IGNB

$16⁹⁹

- Round Diamond Full Drill - All sparkling diamonds kits will never fade and shining , the whole painting feels more three-dimensional and vivid,Match the most suitable diamonds according t the image, more vibrant
- Instruction: The beads in the numbered packets correspond with the color chart on the side of the drawing. Place a few of the like numbered beads in the plastic tray. Take the "pen" and dab the end with the sticky stuff in the square block, then pick up a bead and place it on the corresponding number on the canvas. Remember to replace the plastic sheet when you are don to preserve your work.
- Best Decoration of Room:Cross Stitch Diamond Painting is perfect to decorate your living room or bedroom,  make your drawing room, bedroom and other places become vivifying.that you would have an immersed sense
- Add More Fun To Life - Diy diamond painting can experience a sense of achievement, learn to reduce stress, emotional adjustment, enhance your hands-on ability,self-confidence and perseverance cultivate patience, the elderly and children are suitable

Based on the above considerations, the Court **RECOMMENDS** awarding statutory damages of $100,000.00 against each trademark infringer, Does 379, 388, 400, 445, 446, 469, 596, 603, 609, 636, 759, and 762. The award should be sufficient to deter the Defaulting Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish the Defaulting Defendants, all stated goals of 15 U.S.C. § 1117(c). *See Shenzhen Dejiayun Network Tech. Co. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 22-CV-22363, 2023 WL 5965606 (S.D. Fla. July 1, 2023), *report and recommendation adopted sub nom. Shenzhen Dejiayun Network Tech. Co. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 22-22363-CIV, 2023 WL 5928167, *9 (S.D. Fla. Sept. 12, 2023) (recommending statutory damages award of $125,000 per Defaulting Defendant because such amount was consistent with the purpose of 15 U.S.C. § 1117(c)).

The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just. Indeed, "courts in this district have routinely awarded far more in statutory damages [in cases similar to this one]." S*imple Minds Ltd. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 23-CV-22219-RAR, 2023 WL 6121901, at *6 (S.D. Fla. Sept. 19, 2023) (citing *e.g., Fendi S.R.L. v. Joe Bag*, No. 19-61356, 2019 WL 4693677 (S.D. Fla. Aug. 28, 2019)).

### E.      Damages for False Designation of Origin

Plaintiff's Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (Count II). See 15 U.S.C. § 1125(a). As to Count II, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Count II is limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

**F.      Damages for Common Law Unfair Competition and Trademark Infringement**

Plaintiff's Complaint further sets forth a cause of action under Florida's common law of

unfair competition (Count III) and trademark infringement (Count IV). Judgment on Count III and

Count IV are also limited to the amount awarded pursuant to Count I and entry of the requested

equitable relief.

**G.      Damages for Copyright Infringement**

Under 17 U.S.C. § 504, a copyright owner is entitled to recover either the actual damages

suffered as a result of the infringement plus Defendants' additional profits, or statutory damages.

Actual damages are "often measured by the revenue that the plaintiff lost as a result of the

infringement, which includes lost sales, lost opportunities to license, or diminution in the value of

the copyright." *Lorentz v. Sunshine Health Prods*., No. 09-61529-CIV-MORE, 2010 U.S. Dist.

LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010). Here, however, Defendants, who have not

appeared, control all the necessary information for a calculation of relief under § 504(b). As a

result, Plaintiff cannot calculate an amount recoverable pursuant to 17 U.S.C. § 504(b). Instead,

Plaintiff seeks an award of statutory damages for Defendants' willful infringement of plaintiff's

copyrighted works under 17 U.S.C. § 504(c). Plaintiff seeks $100,000 per defendant for willful

infringement, based on the unknown number of infringing sales, and the multiple copyrights

infringed.

Under 17 U.S.C. § 504(c)(1), a copyright owner is entitled to a statutory damages award

of not less than $750 or more than $30,000 per work. The Court in its discretion may increase an

award for statutory damages up to $150,000.00 when infringement was committed willfully. 17

U.S.C. § 504(c)(2).

> To determine whether Plaintiff is entitled to statutory damages for Defendants'
> willful infringement, the Court must first determine if the copyright infringement

was willful. Willful infringement occurs "when the infringer acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records*, 298 F. Supp. 2d at 1312. "[W]illful copyright infringement under § 504(c)(2) encompasses reckless disregard of the possibility that one's actions are infringing a copyright." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1272 (11th Cir. 2015). Moreover, a court may infer that a defendant willfully infringed a plaintiff's copyright because of a defendant's default. *Arista Records*, at 1313.

*XYZ Corp. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 22-CV-24022, 2023 WL 2815123, *5 (S.D. Fla. Apr. 5, 2023).

Here, the allegations in the Complaint, which are taken as true, establish that the Defaulting Defendants intentionally infringed Plaintiff's Copyrighted Photographs for the purpose of advertising, marketing, and selling their Counterfeit Products. Further, the Court can infer defendants willfully infringed Plaintiff's copyright because of the clerk's default entered against them. [ECF No. 86]. For these reasons, the Court finds the award is within the statutory range for a willful violation, and is sufficient to compensate plaintiff, punish the Copyright Defendants, and deter Copyright Defendants and others from continuing to infringe Plaintiffs' copyrights. The Court **RECOMMENDS** awarding statutory damages of 100,000 per Defaulting Defendant for willful copyright infringement.

### H.    Attorney's Fees and Costs

Plaintiff seeks an award of reasonable attorney's fees pursuant to 15 U.S.C. §§ 1117(a) and 17 U.S.C. § 505. Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Lanham Act and Copyright Act. *Volkswagen*, 2021 WL 1997573, at *12; *Myeress v. Beautiful People Mag., Inc.*, No. 22-CV-20137, 2022 WL 1404596, at *4 (S.D. Fla. May 4, 2022); *Max's Creations, Inc., v. The Individuals, Partnerships, And Unincorporated Associations Identified On Schedule "A,"*, No. 21-CV-22920, 2022 WL 104216, at *9 (S.D. Fla. Jan. 11, 2022).

Attorney's fees are available under § 1117(a) in exceptional cases even for those plaintiffs who opt to receive statutory damages under section 1117(c). See *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104–11 (2d Cir. 2012). The Lanham Act provides that a court may award attorney's fees "in exceptional cases." 15 U.S.C. § 1117(a). Meanwhile, Section 1117(b), which applies to the use of counterfeit marks, requires the court to award reasonable attorney's fees. The Copyright Act also provides for reasonable attorney's fees and costs to the prevailing party pursuant to 17 U.S.C. § 505. An award of fees is appropriate under any of these statutes.

Plaintiff has established that the Defaulting Defendants acted willfully in their infringement of the STARLA MICHELLE Mark and the Copyrighted Works. Defendants failed to respond or otherwise act, leading to unjustified delays and increased costs and fees. See *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 131 (S.D. Fla. 2003). An award of attorney's fees and costs will serve the important functions of deterring future infringements, penalizing the Defaulting Defendants for their unlawful conduct, and compensating Plaintiff for their fees and costs. *Id.*

Plaintiff, after discussion at the hearing on Default Judgment held December 11, 2023, is waiving its request for attorney's fees incurred to date in this case, and only requests court costs of $573.65.

The allegations in the Complaint establish that the Defaulting Defendants are causing and contributing "to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for plaintiff's genuine goods," and that they are causing concurrent and indivisible harm to plaintiff and the consuming public by "(i) depriving plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation

of the value of the goodwill associated with the STARLA MICHELLE Mark, and (iii) increasing

plaintiff's overall cost to market its goods and educate consumers via the Internet." (ECF No. 1 ¶¶

73, 107). The Court finds these allegations sufficient to assess plaintiff's attorney's fees and costs

against the Defaulting Defendants jointly and severally. *See Stanley Black & Decker, Inc. v. D&L*

*Elite Invs., LLC*, No. C 12-04516 SC (LB), 2014 WL 3738327, at *20 (N.D. Cal. June 20, 2014),

*report and recommendation adopted*, No. 12-CV-04516-SC, 2014 WL 3728517 (N.D. Cal. July

28, 2014) (entering attorney's fee award against defendants jointly and severally).

For the foregoing reasons, the Court finds that Plaintiff Starla Michelle, LLC, as the

prevailing party, is entitled to costs in the amount of $573.65.

## V.    CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion, ECF No. [94], be

**GRANTED** with respect to the Defaulting Defendants listed in the attached Schedule "A" to the

Complaint as 1 to 3, 5, 7, 9 to 15, 17, 18, 20 to 23, 25, 26, 29 to 32, 34 to 36, 38 to 40, 42 to 46,

48, 52 to 57, 59, 60, 62, 64 to 74, 76 to 80, 83, 86 to 88, 90 to 93, 95, 97, 98, 100, 102, 103, 106

to 108, 110, 112, 114 to 117, 119, 121, 122, 124, 125, 128 to 140, 142 to 148, 150 to 169, 171 to

182, 184-214, 217 to 230, 232 to 248, 250 to 331, 333 to 359, 362 to 366, 368, 370, 372 to 376,

378 to 382, 384, 388, 391 to 398, 400 to 403, 405, 409, 411, 413 to 421, 424, 428 to 432, 434, 436,

438, 439, 442, 444 to 447, 450, 452, 454, 456, 459, 463 to 466, 469, 470, 472, 474, 476, 477, 479

to 481, 486 to 489, 491 to 493, 496, 497, 499, 500, 502, 504 to 511, 513 to 516, 518 to 526, 528

to 537, 539, 541, 543 to 546, 548 to 557, 560, 562 to 564, 567 to 573, 575, 578 to 581, 583, 585

to 594, 596, 597, 599, 601 to 610, 612 to 616, 618, 621, 622, 624, 628, 630 to 636, 638 to 641,

646, 649, 650, 652, 654, 655, 660, 662 to 664, 666, 669, 672 to 676, 678, 680, 682, 683, 685 to

690, 692, 695, 701, 702, 704, 705, 709, 712, 715, 717 to 720, 722, 727, 730, 733, 734, 736, 737,

739, 741, 743, 746, 748 to 752, 754, 755, 757, 759, 760, 762, 776, 777, 783, 787, 790, 793, 794, 797 to 802, 806, 807, 809 to 813, 816, 817, 819 to 821, 823, 824, 826, 827, 830 to 832, 834, 838, 840 to 844, 846 to 851, 854 to 857, 859, 862 to 867, 871 to 875, 877 to 881, 883 to 890, 892 to 895, 897 to 906, 910 to 914, 916 to 937, 939 to 947, 949, 951 to 958, 960, 961, 965, 967, 971 to 1042, 1056, 1057.

**SIGNED** this 3rd day of January, 2024.


LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE


**cc:  U.S. District Judge Kathleen M. Williams; and**
**All Counsel of Record**